## CRIMINAL COURT OF BALTIMORE CITY.

Filed September 23, 1926.

STATE
VS.
DAVID STEWART.

*Arthur W. Machen, Jr., John Henry Lewin* and *J. Britain Winter* attorneys for defendant.

*Eugene A. Edgett,* Assistant State's Attorney, for State.

O'DUNNE, J.—

This Court sat last night till after 6 P. M. to fully hear the arguments of counsel, realizing the shortness of time between now and the October term of the Court of Appeals. It is the desire of counsel that the appeal be docketed in time for the October term.

It should always be the ambition of a nisi prius Court to decide cases according to the law—if it can correctly ascertain what the law is. Some times it is more important to litigants that a case be *decided,* than that it be decided *correctly.* Some times errors of law when made can be corrected on appeal. Evils resulting from delays of *indecision,* cannot be forestalled by counsel. The ultimate decision on a law question of the character of the one raised here, will eventually be determined by the Court of Appeals. Therefore in the limited time I have had since argument for the examina-

tion of the quite numerous array of authorities, I have endeavored to bring to bear such thought as I can, consistent with a *prompt* decision which will facilitate appeal for the October term. I confess to a strong desire to examine minutely all the authorities cited. To do so, however, and keep up with the daily trial work, would not make an appeal possible in time to meet the wishes of counsel.

This case is charged with a local public interest. It involves the parking regulations in the City of Baltimore. But above and beyond that, it involves the efficacy of the Home Rule amendment. The bitterness of that fight when made arrayed section against section, but found a happy, peaceful and wise solution in the passage of the Home Rule amendment, which satisfied both the city and the counties, giving them (subject to prescribed limitation) local autonomy. With this all sections of the State were contented. The limited time of the legislative sessions was free for the consideration of *public general laws*. Since the adoption of the charter in Baltimore, pursuant to the amendment, the chart and compass for its local legislation was to be found in Sec. 6 of the charter. It was, and still is, within the power of the Legislature to repeal *any or all* of the subject matter of Sec. 6. Until repealed, it is not within the power of the legislature, under the Home Rule amendment, to legislate for Baltimore City *on the subject matters* committed to the Mayor and City Council under Sec. 6 of the Charter.

In sub Sec. 26G of Sec. 6 is the direct and specific power, "To regulate the use of the streets, highways, roads, public places and sidewalks by foot passengers, animals, vehicles, cars, motors, and locomotives, and prevent encroachment thereon and obstruction of the same."

It would be difficult to select language more definite to include the right to regulate the parking of automobiles in the ever increasing congested districts and streets of a growing city of upwards of a million population, than the language above abstracted from Sec. 6.

The problem in its very nature is peculiarly and distinctively a *local* problem. One on which the "city fathers" necessarily have more intimate knowledge as to the city's needs and re-

quirements, than the Legislature, composed so largely of men from remote parts of the State, and having little intimate acquaintance with the commerce and traffic of Baltimore. This only emphasizes the *wisdom* of the legislature in permitting such problems as embraced in Sub Sec. 26G of Sec. 6 of the City Charter to be and remain among those subject matters, legislation upon which, under the Home Rule amendment was committed, and was intended to be committed, to the Mayor and City Council of Baltimore.

The validity of Ch. 436, Act 1924, is a question on two grounds: In my opinion, the act is, *in fact*, a public *LOCAL law*. In the determination of this fact (that it is a local law) substance must not be sacrificed to form. An act *essentially local*, does not *cease to be local*, by mere *verbiage* designating it as an amendment to Art. 56 of the Code. It deals exclusively with the regulating of traffic on the streets of Baltimore City (a distinctively local subject matter). It is the identical subject matter specifically enumerated in Sec. 6, City Charter, Sub Sec. 26G (supra), and as such is beyond the Home Rule amendment Eleven A, until the Legislature first repeals Sub Sec. 26G of Sec. 6, City Charter. It being entirely within the province of the Legislature to do so, but it has not done so. THEREFORE, in my opinion, the Act of 1924, CH. 436, is an unconstitutional exercise of legislative authority in view of the Home Rule amendment viewed in connection with Sub Sec. 26G of Sec. 6 City Charter. This decision, of course, is predicated on the assumption that the Act of 1924, Ch. 436, is in fact a *"LOCAL LAW,"* and that substance can not be destroyed by a mere formula of *words*. If merely *calling* a purely local law, a "general law" by designating it as an "Amendment" to an article of the public general laws, *makes* it a general law, *by mere nomenclature*, then the home rule fight was an excited gesture, the amendment a mere legal fiction, and the supposed benefits arising therefrom, but an iridescent dream.

No great public evil or public inconvenience arises as the effect of such conclusion. The subject matter of the attempted regulation of local traffic and city parking by regulations and edicts formulated by the Police Commissioner, subject to the veto or approval of the Mayor (not the Mayor

and City Council of Baltimore, but the Mayor) is entirely within the regulatory powers of the Mayor and City Council, and can be fully controlled and regulated by action of the Mayor and City Council, which can always be had in short order.

It may be said in passing that the Act of 1924 Ch. 436, is at best a unique and inartificial form of legislation, attempting to delegate law making power to the Police Commissioner of Baltimore City, subject to the personal approval or veto of the Mayor, without prescribing recognized legal standards for the *exercise* of such regulatory provisions. Under this authority, if valid, it would be entirely within scope of the exercise of this authority for the police commissioner, with the approval of the Mayor (and the required newspaper publication of the regulation) to pass an edict prohibiting any automobile from traversing any of the streets of the city, *at any time*, or to park any where thereon.

For the purpose of this decision, it is not necessary for this Court to pass upon this second point presented in the argument of counsel, because, entertaining the views I do, that the act is unconstitutional, as a violation of the Home Rule amendment "11A," because of Sub Sec. 26G of Sec. 6, City Charter, it is immaterial, therefore, whether or not it is void for any other or additional reason. It will serve no useful purpose to either consider or decide the other question presented in argument.

The demurrer is sustained. The indictment quashed, and the defendant discharged. Q. E. S. T. (Quod eat sine die.)